UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00254-02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JAMES GOLDMAN GRANT (02) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner James Goldman Grant's ("Grant") Motion for Release to Home Confinement and/or Motion for Compassionate Release (Record Document 64). The Government has opposed both release to home confinement and compassionate release. See Record Documents 66 & 68. For the reasons set forth below, Grant's requests for home confinement and/or compassionate release are hereby **DENIED**.

**BACKGROUND**

Grant was indicted with one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). See Record Document 1. On February 11, 2019, he plead guilty as charged. See Record Documents 41 & 44. On June 11, 2019, he was sentenced to 51 months imprisonment. See Record Documents 59 & 60. Grant surrendered for service of sentence at the institution designated by the Bureau of Prisons ("BOP") on August 6, 2019. See Record Document 59. He is currently serving his sentence at FCI Texarkana. His projected release date is February 25, 2023.

Grant filed the instant motion on April 22, 2020. See Record Document 64. In June 2020, this Court construed Grant's April 19, 2020 release plan as an administrative request for compassionate release. See Record Document 67. Because there had been

a lapse of more than thirty days since Grant filed his release plan, this Court held that it had authority over Grant's motion and directed the Government to file a response addressing the merits of compassionate release. See id. The Government has now responded and Grant filed a reply. See Record Documents 68 & 71.

## LAW AND ANALYSIS

**I.    Home Confinement**

Title 18, United States Code, Section 3624(c)(2) provides that BOP's authority to release a prisoner "may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." Under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. Law 116-136, enacted on March 27, 2020, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L. 116-136, § 12003(b)(2). On April 3, 2020, the Attorney General found such conditions existed, stating "emergency conditions [created by COVID-19] are materially affecting the functioning" of the BOP. See Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/1266661/download (last visited 4/20/2020). Thus, the BOP director now has the authority to grant home confinement to a larger group of prisoners. See id.

Section 3621(b) provides that the BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP considers bed availability, the prisoner's

security designation, his programmatic needs, his mental and medical health needs, his faith-based needs, recommendations of the sentencing court, other security concerns of the BOP, and the proximity to his primary residence. See id. "A designation of a place of imprisonment under [Section 3621] is not reviewable by any court." Id. The Fifth Circuit has followed this statutory directive, stating "a prisoner has no liberty interest or right to be housed in any particular facility, and the BOP has wide discretion in designating the place of a prisoner's imprisonment." Siebert v. Chandler, 586 Fed.Appx. 188, 189 (5th Cir. 2014), citing Olim v. Wakinekona, 461 U.S. 238, 244-245, 103 S.Ct. 1741, 1745 (1983) and 18 U.S.C. § 3621(b).

The CARES Act does in fact grant broad discretion to the BOP regarding release to home confinement. However, such decisions still remain exclusively with the BOP. Nothing in the CARES Act changed the statutory authority granted in Section 3621(b) and this Court still lacks the power to order home confinement under the CARES Act. See U.S. v. Chaney, 823 Fed.Appx. 278 (2020) ("The Bureau of Prisons has the sole authority to designate a prisoner's place of incarceration."); see generally U.S. v. Williams, No. 2:12-539, 2020 WL 1940836, at *2 (S.D. Tex. Apr. 22, 2020) ("While the CARES Act allows the BOP Director to lengthen the amount of time a prisoner may be placed in home confinement, nothing in the Act grants individual prisoners the right to serve the remainder of their sentence in home confinement. The BOP still has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B)."); U.S. v. Read-Forbes, No. 12-20099-01-KHV, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.");

U.S. v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while court can recommend, ultimate decision whether to release inmate to home confinement rests with BOP); U.S. v. Hembry, No. 12-cr-00119-SI-1, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020); U.S. v. Carter, No. 1:18-cr-00086-JMS-DML, 2020 WL 1808288, at *2 (S.D. Ind. Apr. 9, 2020); U.S. v. Garza, No. 18-CR-1745-BAS, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020).  Thus, Grant's request for release to home confinement to serve the duration of his sentence is **DENIED**.

## II.     Compassionate Release

Grant argues that his "age and preexisting medical conditions" constitute "extraordinary and compelling reasons for release based on his risk of serious illness or death he faces contracting the virus."  Record Document 64 at 3.  He states that he is a 68 year old, elderly offender with a history of hypertension, diabetes, cardiac disease, and cancer.  See id.  He specifically references a heart attack and staph infection in 2007; a Non-Hodgkin's Lymphoma cancer diagnosis and treatment in 2010; and treatment for an enlarged aorta in 2012.  See id.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1)     upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2)     "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

    (3)    where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Grant moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

    (1)    prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

    (2)    prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). As stated previously, this Court held that Grant has exhausted his administrative remedies under the First Step Act because of the lapse of 30 days.

Thus, subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Grant's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18

U.S.C. § 3582(c)(1)(A).  Turning to the Guidelines, U.S.S.G. § 1B1.13 explains that a reduction is authorized when the court, after consideration of the factors set forth in 18 U.S.C. § 3553(a), determines that extraordinary and compelling reasons exist and the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g).  The reduction must also be consistent with the policy statements set forth in U.S.S.G. § 1B1.13.  Application Note 1 of the U.S.S.G. § 1B1.13 sets forth what may constitute "extraordinary and compelling" circumstances that would permit a court to grant relief under Section 3582(c)(1)(A):

> (A)     Medical Condition of the Defendant. –
>
>> (i)     The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of lift trajectory).  A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii)    The defendant is –
>>
>>> (I)     suffering from a serious physical or mental condition,
>>>
>>> (II)    suffering from a serious functional or cognitive impairment, or
>>>
>>> (III)   experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B)     Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C)    Family Circumstances. –

        (i)    The death or incapacitation of the caregiver of the defendant's minor child or children.

        (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse of registered partner.

    (D)    Other Reasons. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivision (A) through (C).

Under the authority granted to the BOP in U.S.S.G. § 1B1.13 to further specify what it considers "extraordinary and compelling," BOP Program Statement 5050.50[1] lists similar conditions such as terminal illness, advanced age and the death of a spouse or registered partner. BOP's program statement does not depart from the manner in which "extraordinary and compelling" is otherwise defined. U.S. v. Hudec, No. 4:91-1-1, 2020 WL 4925675 (S.D.Tex. 8/19/2020) (noting that Program Statement 5050.50 provides the same bases as U.S.S.G. for a finding of "extraordinary and compelling" reasons for compassionate release).

    "In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would

---

[1] Available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

warrant relief under the compassionate release statute."). Here, Grant avers that he is entitled to compassionate release because of his preexisting medical conditions, that is, hypertension, diabetes, cardiac disease, and cancer. Generally, these medical conditions can be controlled and do no present any impediment to Grant providing self-care in the institution. However, in the context of the COVID-19 pandemic, the Government acknowledges that Grant presents at least one risk factor identified by the Centers for Disease Control as heightening the risk of severe injury or death were the inmate to contract COVID-19, namely coronary heart disease. See Record Document 64-1 at 5-7. The Government concedes coronary heart disease is a chronic condition presenting "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" as stated in Application Note 1 of U.S.S.G. § 1B1.13. The Government believes at this time Grant's ability to provide self-care against injury or death as a result of COVID-19 is substantially diminished within the environment of a correctional facility by the chronic condition itself. See Record Document 68 at 9.

Based on the Government's concession, this Court will proceed as if Grant has successfully carried his burden of establishing an "extraordinary and compelling" reason for compassionate release under Section 3582(c)(1)(A), more specifically, a medical condition defined in Application Note 1(a). Now the Court must consider whether or not a grant of relief comports with the factors enumerated in Section 3553(a) and whether release would present a possible danger to the community. The Presentence Investigation Report in this matter establishes that Grant possessed 18 videos and approximately 17 images containing child pornography. See Record Document 62 at

¶¶ 24 & 27. All 18 videos included "hardcore sex acts" depicting children as young as 6 years old and were "very graphic." Id. at ¶ 27. For sentencing calculations, Grant's offense involved at least 1,350 images. See id. at ¶ 35. Furthermore, Grant met his co-defendant on Craigslist.com, by answering an ad referencing "taboo teens." Id. at ¶ 20. As noted by the Government, Grant and his co-defendant then met to watch the child pornography together at the house where Grant now wants to be released/put in home confinement. See id. at ¶¶ 20-21.

All of Grant's medical conditions and his age were known at the time of sentencing and were accounted for in this Court's Section 3553(a) analysis. Grant has completed only approximately 15 months of his 51 month sentence. A reduced sentence simply would not reflect the seriousness of Grant's offense were he released after serving less than one third of his term of imprisonment. Moreover, a reduced sentence in this instance would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this defendant. A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct. Thus, considering the 18 U.S.C. § 3533(a) factors, along with the factors in 18 U.S.C. § 3142(g), Grant's Motion for Compassionate Release is **DENIED**.

## CONCLUSION

Based on the foregoing reasons, Grant's Motion for Release to Home Confinement and/or Motion for Compassionate Release (Record Document 64) are hereby **DENIED**. An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of November, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT